**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-56254 |
| Plaintiff-Appellee, | D.C. No. 8:93-cr-00130-JVS |
| v. | |
| RAFAEL BUSTAMANTE, a.k.a. Ralph Bustamante, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted November 15, 2017**

Before:     CANBY, TROTT, and GRABER, Circuit Judges.

Former federal prisoner Rafael Bustamante appeals from the district court's

order denying his petition for a writ of error coram nobis. We have jurisdiction

under 28 U.S.C. § 1291. We review the denial of a coram nobis petition de novo,

*see United States v. Riedl*, 496 F.3d 1003, 1005 (9th Cir. 2007), and we affirm.

---

    *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Bustamante contends that he is entitled to coram nobis relief because counsel was ineffective for failing to secure a sentence that would have made him eligible for relief from deportation under former Immigration Nationality Act § 212(c). The record does not support Bustamante's claim that counsel could have negotiated a disposition that would have qualified him for § 212 relief.

Bustamante also argues, for the first time on appeal, that his attorney affirmatively misled him regarding the immigration consequences of pleading guilty. Even if this claim is properly before this court, *see Beets v. County of Los Angeles*, 669 F.3d 1038, 1043 (9th Cir. 2012), the record shows that Bustamante was advised, and understood, that the conviction could subject him to deportation. Contrary to Bustamante's contention, the record is sufficiently developed to make this determination, and his alternative request that this court remand for further proceedings is, accordingly, denied.

Because Bustamante has not shown that his counsel's performance was neither deficient nor prejudicial, he has not established an error "of the most fundamental character" entitling him to a writ of error coram nobis. *See Riedl*, 496 F.3d at 1005-06.

**AFFIRMED.**

16-56254